ORIGINAL

CHRISTOPHER A. CROFTS
United States Attorney
MARK A. KLAASSEN
Assistant United States Attorney
District of Wyoming
PO Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 23 2011

Stephan Harris, Clerk
Cheyenne

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-00270-NDF |
| ) | |
| ROBERT TURNER, SR., ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

The United States of America, by and through the United States Attorney and Assistant United States Attorney, Mark A. Klaassen, files this First Amended Complaint and alleges as follows:

On August 3, 2011, Plaintiff filed its initial Complaint. Plaintiff repeats all the allegations from the initial Complaint as correct and true as of August 3, 2011. Plaintiff files this First Amended Complaint to correct Defendant's name from Robert Turner, Jr. to Robert Turner, Sr.

This is an action seeking damages and injunctive relief for a continuing trespass to property of the United States; to compel the immediate removal of encroaching structures, works and personal property thereon; and to enjoin further use or occupancy without authorization.

## PARTIES

1. Plaintiff, United States of America, brings this action as the sovereign on behalf of its agency, the United States Department of Interior, Bureau of Land Management ("BLM"). Plaintiff holds legal title to all BLM lands, including those described as Sixth Principal Meridian, Wyoming, Township 52 North, Range 93 West, Section 15, Lot 3, Northeast 1/4 Southwest 1/4 ("the BLM property"). The BLM is charged by federal law to manage, administer, and protect the BLM property.

2. Defendant, Robert Turner, Sr., owns and operates a salvage business known as Mountain Man Salvage, located at 3523 Road 28, Greybull, Wyoming 82426, that has encroached onto the BLM property.

## JURISDICTION AND VENUE

3. This action for trespass and ejectment arises under 43 U.S.C. § 1733(b), 43 C.F.R. § 2920.1-2(a), and Wyoming Statutes Annotated § 1-32-202.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

5. Venue is appropriate in the District of Wyoming under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims took place in this District and the BLM property is located in this District.

## FACTS

6. The BLM property is located approximately one mile east of Greybull, Wyoming, in Big Horn County.

7. Defendant owns and operates a salvage operation called Mountain Man Salvage on property immediately north of and adjoining the BLM property.

8. Defendant has built structures and stored salvage items on the BLM property since 1994 or earlier.

9. Defendant does not have a permit or other authorization to conduct his salvage business on the BLM property.

10. In July 2009, BLM officials from the Worland, Wyoming, Field Office observed hundreds of items believed to be the property of Defendant scattered across approximately ten acres of the BLM property. These items included electrical transformers, drums, plastic poly-tanks, computer monitors, toys, tires, scrap metal, several automobiles, a bus, and a tractor. BLM officials also found a storage shed containing flammable paints, solvents, and primers, and a trailer home on BLM land.

11. On July 24, 2009, the BLM delivered a Notice of Trespass to Defendant via personal service.

12. On August 15, 2009, the BLM delivered a Notice to Cease and Desist to Defendant via personal service, instructing Defendant not to remove potentially hazardous materials from the

BLM property until BLM personnel completed an inventory of these materials and gave Defendant further instructions.

13. BLM personnel conducted an inventory of potentially hazardous materials on the BLM property on August 18, 2009. This inventory revealed used oil, which is regulated waste, and various materials suspected of being hazardous waste.

14. The BLM contracted to have the suspected items sampled and analyzed to determine whether they constituted hazardous waste. Laboratory analyses determined that a drum of oil contaminated with polychlorinated biphenyls ("PCBs") and a dumpster of ash waste contaminated with lead were both hazardous waste. Flammable paints, solvents, and primers discovered in the storage shed were also classified as hazardous materials.

15. In a letter dated January 7, 2010, the BLM ordered Defendant to remove all non-hazardous materials from the BLM property by April 30, 2010. The BLM informed Defendant that it would assume responsibility for properly disposing of the hazardous waste materials and that he could be billed for the costs.

16. The BLM contracted for appropriate disposal of the hazardous and regulated waste materials, which was completed in June, 2010. The BLM incurred costs of $10,299.72 for the sampling analyses and disposal of the hazardous and regulated waste.

17. Defendant did not complete the ordered cleanup of the non-hazardous materials by April 30, 2010. Defendant subsequently indicated through his attorney that he would complete the cleanup by August 15, 2010.

18. On August 16, 2010, BLM personnel from the Worland Field Office visited the BLM property and observed that Defendant had removed some of the encroaching items. However, some large items remained, including the trailer home, the storage shed, and the tractor.

19. The property line between Defendant's land and the BLM property, while established to within several feet using a global positioning system, had never been formally surveyed. Between March 7 and April 13, 2011, the BLM conducted a cadastral survey of the BLM property and fixed a definite property line. The cadastral survey documented substantial encroachment by Defendant on to the BLM property. A copy of a survey map showing the area of encroachment by Defendant is attached hereto as Exhibit A.

20. As of April 13, 2011, Defendant had not completed the ordered cleanup of the BLM property. Survey photographs show a trailer home, a storage shed, two tractors, and numerous smaller items remaining on the BLM property.

## COUNT I - TRESPASS & EJECTMENT

21. The United States holds legal title to and is entitled to possession of the BLM property.

22. The BLM property has been described herein with sufficient certainty as to enable an officer holding an execution to identify it.

23. Defendant's continued use of the BLM property without proper authorization is an unlawful trespass on property of the United States, keeping the United States out of possession of the BLM property.

24. Defendant's continued use of the BLM property has caused and is causing damages to the United States.

25. Therefore, pursuant to Wyoming Statutes Annotated § 1-32-202, the United States is entitled to an order ejecting Defendant and his property from the BLM property, removing Defendant's unauthorized and encroaching structures, and enjoining Defendant, and all those acting in concert with Defendant, from future unauthorized occupancy and use of the BLM property and any other federal lands.

## COUNT II - INJUNCTIVE RELIEF

26. The preceding allegations are restated and incorporated herein by reference.

27. Pursuant to 43 U.S.C. § 1733(b), the United States may seek an injunction or other appropriate order to prevent any person from utilizing public lands in violation of regulations issued by the Secretary of the Department of the Interior.

28. Defendant's continued use of the BLM property is in violation of the regulation set forth at 43 C.F.R. § 2920.1-2(a).

29. Defendant has failed to comply with the United States' lawful requests that he vacate and cease his use of and encroachment upon BLM land.

30. Harm to federal property has occurred and will continue to occur unless this Court declares that Defendant's actions are unlawful and enjoins him from further trespassing upon federal property.

31. By reason of the knowing and willful trespass described above, the United States is entitled to an order declaring Defendant's conduct unlawful and enjoining him from committing further acts of trespass upon federal property in the future.

**WHEREFORE** the United States prays for judgment as follows:

A. For preliminary and permanent injunctive relief ordering Defendant, and all those acting in concert or privity with Defendant, promptly to remove from the BLM property all buildings, structures, equipment, and personal property, and to restore the BLM property to its natural state; and ordering that if Defendant fails or refuses to comply with such injunctive relief within 30 days (or such other reasonable time as the Court may determine), the United States is authorized to take possession of and remove all unauthorized buildings, structures, equipment, and personal property and to dispose of them in the same manner as abandoned property, without further order of the Court, notice to Defendant, administrative action, or accounting;

B. For injunctive relief prohibiting Defendant, and all those acting in concert or privity with Defendant, from occupying or using the BLM property; and further prohibiting Defendant, and all those acting in concert or privity with Defendant, from occupying or using any other federal lands without first complying with all applicable federal laws and regulations;

C. For a writ of ejectment, and such other appropriate writs and orders, enabling officers of the United States, including the United States Marshal and BLM law enforcement officers, to physically remove Defendant and anyone acting in concert or privity with Defendant from the BLM property if Defendant should fail to vacate timely;

D. For an order enjoining Defendant, and all those acting in concert or privity with Defendant, from interfering with, obstructing, or otherwise impeding the United States from its use, access, and occupancy of the BLM property;

E. For damages attributable to Defendant's unauthorized use, occupancy, and disturbances of the BLM property, including without limitation: expenses incurred by the BLM for sampling and disposal of hazardous materials, administrative personnel costs for BLM personnel time spent on this matter, expenses of removal and disposition of structures and property, fair market rental value of the BLM property for the current year and all previous years of trespass, and expenses of restoring the BLM property to its natural state; and

F. For such other relief as this Court may deem just and appropriate.

Respectfully submitted this 23rd day of August, 2011.

                            CHRISTOPHER A. CROFTS
                            United States Attorney

By: _/s/ Mark Klaassen_
      MARK A. KLAASSEN
      Assistant United States Attorney